UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH ALLEN,<br><br>    Plaintiff,<br><br>v.<br><br>OMNI LIFE SCIENCE, INC.,<br><br>    Defendant. | Case No. 1:19-cv-00276-AWI-BAM<br><br>ORDER TO SHOW CAUSE RE ATTORNEY ALEX C. DAVIS FOR UNAUTHORIZED PRACTICE OF LAW BEFORE THIS COURT<br><br>**TWENTY-ONE (21) DAY DEADLINE** |

On February 27, 2019, Plaintiff Keith Allen ("Plaintiff") filed this action against Defendant Omni Life Science, Inc. (Doc. No. 1.) The complaint identified Plaintiff's counsel as Stuart C. Talley and Alex C. Davis. (*Id.*) On April 17, 2017, the parties submitted stipulations to dismiss Plaintiff's punitive damages claims and to set a settlement conference before a United States Magistrate Judge which were signed by both Mr. Talley and Mr. Davis as counsel for Plaintiff. (Doc. Nos. 8, 9.) On June 4, 2019, Mr. Davis appeared at the Mandatory Scheduling Conference on behalf of Plaintiff. (Doc. No. 14.)

Local Rule 180 governs admission of attorneys to practice before this Court. "Admission to and continuing membership in the Bar of this Court are limited to attorneys who are active members in good standing of the State Bar of California." L.R. 180(a). Attorneys who are not active members in good standing of the State Bar of California may, upon application and in the discretion of the Court, be permitted to appear and participate in a particular case pro hac vice.

1

*Id.* at 180(b)(2). Pursuant to Local Rule 180(d),

> "The Court may order any person who practices before it in violation of [Local Rule 180] to pay an appropriate penalty that the Clerk shall credit to the Court's Nonappropriated Fund. Payment of such sum shall be an additional condition of admission or reinstatement to the Bar of this Court or to practice in this Court."

*Id.* at 180(d). Local Rule 110 further provides that counsel or a party's failure to comply with the Local Rules or with any order of the Court may be grounds for imposition of any and all sanctions authorized by statute or Rule or within the inherent power of the Court. *Id.* at 110.

Plaintiff's complaint indicates that Mr. Talley is a member of the State Bar of California but provides no information regarding whether Mr. Davis is a member of the State Bar of California. (*See* Doc. No. 1.) Additionally, a review of the docket reveals that Mr. Davis has not filed an application for admission to practice pro hac vice despite appearing and participating in this matter on Plaintiff's behalf.

Accordingly, Alex C. Davis is HEREBY ORDERED to SHOW CAUSE why sanctions should not issue against him for unauthorized practice of law before the Court. Mr. Davis shall file a written response to this order to show cause within **twenty-one (21) days** of service of this order. Mr. Davis may also comply with this order by filing an application for admission to practice pro hac vice and paying the applicable fee. The Clerk of Court is further directed to serve a copy of this order on Mr. Davis at his business address as indicated on the complaint. (Doc. No. 1.)

Failure to respond to this order to show cause will result in the imposition of sanctions.

IT IS SO ORDERED.

Dated: **June 5, 2019**  /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE