GENESE K. DOPSON (SBN 108333)
JIANLIN SONG (SBN 289226)
**WILSON, ELSER, MOSKOWITZ,
  EDELMAN & DICKER LLP**
525 Market Street, 17th Floor
San Francisco, California 94105
Telephone:    (415) 433-0990
Facsimile:     (415) 434-1370
Email: Genese.Dopson@wilsonelser.com
          Jianlin.Song@wilsonelser.com

Attorneys for Defendant
OMNILIFE SCIENCE, INC.

# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH ALLEN,<br><br>    Plaintiff,<br><br>vs.<br><br>OMNI LIFE SCIENCE, INC., and DOES 1 through 100, inclusive,<br><br>    Defendants. | Case No.:  1:19-cv-276-AWI-BAM<br><br>**STIPULATION FOR PROTECTIVE ORDER; AND ORDER**<br><br>Complaint Filed: February 27, 2019<br><br>Judge: Anthony W. Ishii/Barbara A. McAuliffe<br><br>Trial Date: Not assigned |

**1.    PURPOSES AND LIMITATIONS**

This Stipulation and Protective Order (from herein "Protective Order") shall govern the use and treatment of documents, electronically stored information, tangible things, and deposition testimony produced in the above-captioned Action and all related appeals.  Disclosure and discovery activity in this Action will involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation is warranted.  Accordingly, Plaintiff Keith Allen ("Plaintiff"), Defendant OMNIlife Science, Inc. ("OMNI") (together with Plaintiff, collectively, "Parties" and individually, a "Party") hereby stipulate to and petition the court to enter the following Stipulation

and Protective Order. The Parties acknowledge that this Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the information or items that are entitled to confidential treatment under the applicable legal principles. The Parties further acknowledge, as set forth in Section 12.3 below, that this Protective Order does not entitle them to file confidential information under seal.

The Parties further acknowledge that in the event any Party seeks to file any materials that are subject to protection under this Protective Order with the Court, that Party shall file such protected materials in accordance with California Rules of Court rules 2.550 and 2.551, which limit the circumstances and manner in which court records may be sealed.

**2. DEFINITIONS**

2.1 "Challenging Party" means a Party that challenges the designation of information or items under this Order.

2.2 "CONFIDENTIAL" Information or Items means information (regardless of how it is generated, stored or maintained) or tangible things, that includes but is not limited to proprietary rights, including technical information constituting trade secrets, confidential know how and the like; corporate information, including product design and development; manufacturing and selling; know how and the like; customer and customer lists; and documents and technical information pertaining to OMNI.

(a) This Protective Order shall not apply to the following materials:

(1) Documents of public record;

(2) Documents filed with any federal or state agency, copies of which are required by that agency to be freely available in their entirety to the public; and

(3) Documents or articles published in trade magazines or other general circulation publications

2.3 "Counsel" means Counsel of Record and House Counsel (as well as their support staff) to any party in this lawsuit.

2.4     "Designating Party" means a Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL".

2.5     "Disclosure or Discovery Material" means all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6     "Expert" means a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.7     "House Counsel" means attorneys who are employees of a party to this action (as well as their support staff).  House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.8     "Outside Counsel of Record" means attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.9     "Party" means any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staff).

2.10     "Producing Party" means a Party that produces Disclosure or Discovery Material in this action.

2.11     "Professional Vendors" means persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.12     "Protected Material" means any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.13     "Receiving Party" means a Party that receives Disclosure or Discovery Material from a Producing Party.

2.14 "Redaction(s)" means the censoring or obscuring of part of a text for legal or security purposes.

**3. SCOPE**

The protections conferred by this Protective Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Protective Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Protective Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

It is acknowledged that certain documents and other information to be made available by OMNI contain confidential and proprietary information and trade secrets essential to the continued business interests of OMNI, and that the improper disclosure of such information would cause substantial damage to the legitimate business interest of OMNI.

**4. DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

## 5. DESIGNATING PROTECTED MATERIAL

5.1 Manner and Timing of Designations. Except as otherwise provided in this Protective Order, or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Protective Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Protective Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) by making appropriate markings/redactions and by preparing an accompanying privilege log.

(b) in the event that a Producing Party makes original documents or materials available for inspection, that all of the said documents and materials made available for inspection will be deemed "CONFIDENTIAL". After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Protective Order. Before producing the documents that the inspecting Party has identified, if the Producing Party deems the documents "CONFIDENTIAL", the Producing Party must affix the "CONFIDENTIAL" legend to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) by making appropriate markings/redactions and by preparing an accompanying privilege log.

(c) for testimony given in deposition, that confidentiality designations should be made during the deposition or within 30 calendar days after receipt of the final transcript. Such designation shall be specific as to the portions to be protected. Inadvertent failure of a Party to designate portions of a deposition as CONFIDENTIAL shall not be deemed a waiver, in whole or in part, of that Party's right to subsequently designate, in writing, portions of the deposition as CONFIDENTIAL at any time during this Action.

(d) for testimony given in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the hearing or other proceeding, all protected testimony.

(e) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored, the legend "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.2. Inadvertent or Unintentional Production without Prior Designation. Inadvertent or unintentional production of Protected Material without prior designation as CONFIDENTIAL shall not be deemed a waiver, in whole or in part, by the Producing Party of the right to designate the Protected Material as CONFIDENTIAL. The Producing Party may designate, in writing, previously-produced Protected Material as CONFIDENTIAL at any time during this Action.

## 6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1 Timing of Challenges. Any Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2 Meet and Confer. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of this Protective Order. The Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within fifteen (15) calendar days of the date of service of notice. In conferring,

the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.

6.3 Judicial Intervention. If after meeting and conferring in good faith and expiration of the fifteen (15) calendar day period, it is determined that the dispute cannot be resolved without judicial intervention, the Designating Party shall file and serve a motion to retain confidentiality within twenty-one (21) days of the initial notice of challenge or within fifteen (15) days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) are prohibited.

6.4. Notwithstanding any challenge to the designation of documents as CONFIDENTIAL, all Protected Materials previously designated CONFIDENTIAL shall continue to be treated as subject to the full protections of this Protective Order until one of the following occurs:

(a) The Producing Party who claims that the Protected Materials are CONFIDENTIAL withdraws such designation in writing; or

(b) The Court rules that some or all of the Protected Materials shall no longer be designated as CONFIDENTIAL.

# 7. PROTECTION OF CONFIDENTIAL MATERIAL

7.1 Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Protective Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 11 below (TREATMENT ON CONCLUSION OF ACTION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Protective Order.

7.2 Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as **Exhibit A**;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as **Exhibit A**;

(c) Experts (as defined in this Protective Order) or Potential Experts of the Receiving Party to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as **Exhibit A**;

(d) court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as **Exhibit A**;

(e) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as **Exhibit A**, unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Protective Order.

(f) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

**7**.3. Control of Documents**.** Counsel for any Party shall take reasonable efforts to prevent unauthorized disclosure of Protected Materials designated as CONFIDENTIAL pursuant to the terms of this Protective Order. Counsel shall maintain a record of those persons, who have reviewed or been given access to the Protected Materials along with the originals of the forms signed by those persons acknowledging their obligations under this Protective Order (see above for a list of persons who must sign **Exhibit A**).

7.4 Copies. All copies, duplicates, extracts, summaries, or descriptions (hereinafter referred to collectively as "Copies") of Protected Materials designated as CONFIDENTIAL under this Protective Order, or any portion of such Protected Materials, shall be immediately affixed with the designation "CONFIDENTIAL" if the word does not already appear on the copy. All such Copies shall be afforded the full protection of this Protective Order.

**8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order in response to a subpoena related to other litigation, the Party served with the subpoena or court order shall not produce any information designated in this Action as "CONFIDENTIAL" before a determination by this court, unless the Party served with the subpoena from other litigation has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection of its confidential material.

**9.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulation and Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Protective Order, and (d) request such person or persons to execute the "Acknowledgment of Understanding and Agreement to Be Bound" that is attached hereto as Exhibit A.

**10.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a Producing Party gives notice to Receiving Party that certain inadvertently produced material is subject to a claim of privilege or other protection, the Receiving Party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the Receiving Party disclosed it before being notified; and may promptly present the

information to the court under seal for a determination of the claim. The Producing Party must preserve the information until the claim is resolved.

The inadvertent waiver of the trade secret or other privilege by any Party as to any document or confidential material shall not constitute or be construed as a waiver of the trade secret or other privilege as to any other document or item of confidential material.

**11. TREATMENT ON CONCLUSION OF ACTION**

11.1 Order Remains in Effect. All provisions of this Protective Order restricting the use of Protected Materials designated CONFIDENTIAL shall continue to be binding after the conclusion of the Action, including the conclusion of any appeal, unless otherwise agreed or ordered;

11.2 Return of CONFIDENTIAL Protected Materials. Within thirty (30) calendar days after the conclusion of this Action, including conclusion of any appeal, all Protected Materials treated as CONFIDENTIAL under this Protective Order, including Copies as defined in paragraph 7.4 above, shall be returned to the Producing Party unless: (1) the Protected Materials have been entered as evidence or filed (unless introduced or filed under seal); (2) the Parties stipulate to destruction in lieu of return; or (3) as to CONFIDENTIAL Protected Materials containing the notations, summations, or other mental impressions of the receiving Party, that Party elects destruction. As used in this section, "Protected Material(s)" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.

11.3. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 30 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work

product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Stipulation and Protective Order as set forth in Section 4 (DURATION).

**12. MISCELLANEOUS**

12.1 Right to Further Relief. Nothing in this Protective Order abridges the right of any person to seek its modification by the court in the future.

12.2 Right to Assert Other Objections. By stipulating to the entry of this Stipulation and Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence any of the material covered by this Protective Order.

12.3 Filing Protected Material. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with applicable rules. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. A sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law.

12.4 All civil remedies for breach of this Protective Order are specifically reserved by and are not waived by the Parties.

12.5 Any breach of this Protective Order by any person shall be punished as a contempt of court.

12.6 This Protective Order shall be governed by and construed in accordance with applicable California state laws.

12.7 If any provision of this Protective Order is determined to be unenforceable for any reason, it shall be modified rather than voided, if possible, in order to achieve the intent of the Parties in this Action to the extent permitted by law. In any event, all other provisions of this Protective Order shall be deemed valid and enforceable to the extent permitted by law.

12.8    The individuals signing this Stipulation represent and warrant that they have the authority to sign this Stipulation on behalf of the respective Party;

12.9    This Stipulation may be executed in one or more counterparts, all of which shall be considered part of one and the same Stipulation; and

12.10   The Protective Order shall become effective when signed by the Court.

[Signature page to follow]

[Signature page of Stipulation for Protective Order]

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: June 26, 2019  */s/ Stuart C. Tally*

Stuart C. Tally [authorized to affix electronic signature on June 25, 2019]
KERSHAW, COOK & TALLEY PC
401 Watt Avenue
Sacramento, CA 95864
Telephone: (916) 779-7000
Facsimile: (916) 721-2501
Email: stuart@kctlegal.com
Counsel for Plaintiff KEITH ALLEN

Dated: June 26, 2019  */s/ Alex C. Davis*

Alex C. Davis [authorized to affix electronic signature on June 25, 2019]
JONES WARD PLC
The Pointe
1205 E. Washington St., Suite 111
Louisville, KT 40206
Telephone: (502) 882-6000
Facsimile: (502) 587-2007
Email: alex@jonesward.com
Counsel for Plaintiff KEITH ALLEN

Dated: June 26, 2019  */s/ Jianlin Song*

Genese K. Dopson
Jianlin Song
Wilson Elser Moskowitz Edelman & Dicker LLP
525 Market Street, Suite 1700
San Francisco, CA 94105
Counsel for Defendant
OMNI LIFE SCIENCE, INC.

14
STIPULATION AND PROTECTIVE ORDER
2219046v.1

# EXHIBIT A

## ACKNOWLEDGMENT OF UNDERSTANDING AND AGREEMENT TO BE BOUND

I, _____, hereby acknowledge that I have read the foregoing Stipulation and Protective Order dated June ___, 2019 in the above-captioned action *Keith Allen v. OMNIlife Science, Inc., and DOES 1 through 100, inclusive,* United State District Court for the Eastern District of California, Case No. 1:19-cv-276-AWI-BAM. I understand, and agree to comply with and to be bound by, all the terms of this Stipulation and Protective Order; I also understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulation and Protective Order to any person or entity except in strict compliance with the provisions of this Stipulation and Protective Order.

I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of California for matters relating to this Stipulation and Protective Order.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

Date: _____

City and State where sworn and signed: _____

Signature: _____

# **ORDER**

The Court adopts the stipulated protective order submitted by the parties. The parties are advised that pursuant to the Local Rules of the United States District Court, Eastern District of California, any documents subject to this protective order to be filed under seal must be accompanied by a written request which complies with Local Rule 141 prior to sealing. The party making a request to file documents under seal shall be required to show good cause for documents attached to a non-dispositive motion or compelling reasons for documents attached to a dispositive motion. *Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 677-78 (9th Cir. 2009). Within five (5) days of any approved document filed under seal, the party shall file a redacted copy of the sealed document. The redactions shall be narrowly tailored to protect only the information that is confidential or was deemed confidential. Additionally, the parties shall consider resolving any dispute arising under this protective order according to the Court's informal discovery dispute procedures.

IT IS SO ORDERED.

Dated: **July 2, 2019**  /s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE